**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2487-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARK EVANS,

    Defendant-Appellant.

_____

Submitted June 21, 2016 — Decided  June 15, 2017

Before Judges Espinosa and Kennedy.

On appeal from the Superior Court of New
Jersey, Law Division, Camden County,
Indictment Nos. 90-05-1562 and 90-06-1782.

Mark Evans, appellant pro se.

Mary Eva Colalillo, Camden County
Prosecutor, attorney for respondent (Nancy
P. Scharff, Assistant Prosecutor, of counsel
and on the brief).

PER CURIAM

    Defendant appeals from an order entered in December 2014 that

denied his motion to correct an illegal sentence pursuant to Rule

3:21-10(b).  We affirm.

In 1991, defendant entered a guilty plea to two counts of first-degree robbery, N.J.S.A. 2C:15-1, pursuant to a plea agreement in which he stipulated he was subject to an extended term as a persistent offender.

The extended term imposed was not based merely upon defendant's stipulation. At sentencing, the trial judge also observed that defendant did not "barely qualify for an extended term"; he was "way over what's required for extended term." As the judge observed, these robbery convictions were defendant's eighth and ninth indictable convictions, five of which were for robbery. The judge stated, "the protection of the public requires imposition of extended term and [the] plea agreement specifically contemplates that."

The trial judge sentenced defendant in accordance with the plea agreement to an aggregate term of life in prison with fifteen years to be served without parole with the further provision that, after five years, if defendant were accepted into an in-patient drug treatment, the sentence would be modified to a probationary term conditioned upon the successful completion of the drug treatment program.

After the anticipated modification of his sentence, defendant was charged with two violations of probation and convicted of additional offenses. Defendant's probation was revoked and he was

remanded to serve the balance of the custodial term originally imposed. Defendant filed an appeal from that order but subsequently withdrew the appeal.

Defendant later filed two motions for a change in custody to permit him to enter a drug treatment program, both of which were denied and the latter affirmed on appeal.

Defendant filed a motion to correct his sentence as illegal in November 2014 and now appeals from the denial of that motion, presenting the following constitutional challenge:

> N.J.S.A. 2C:44-3a IS
> UNCONSTITUTIONAL TO THE EXTENT
> STATE V. DUNBAR REQUIRES A JUDGE
> TO FIND A FACTOR LEADING TO THE
> IMPOSITION OF DISCRETIONARY
> PERSISTENT OFFENDER EXTENDED TERM
> SENTENCE. U.S. CONST. AMENDS. V.
> VI, XIV; N.J. CONST. ART. 1 PAR.
> 1-10.

Defendant argues the trial court had to make two factual findings, i.e., (1) defendant had the two predicate convictions required by N.J.S.A. 2C:44-3(a) and (2) an extended term was necessary for the protection of the public. He contends that his sentence is illegal because the two convictions relied upon did not provide a valid basis for the imposition of an extended term and because the protection of the public finding could not constitutionally be made by a judge. We reject each of these arguments.

<u>N.J.S.A.</u> 2c:44-3(a) authorizes the imposition of an extended term when

> The <u>defendant has been convicted of a crime of the first</u>, second or third <u>degree</u> and is a persistent offender. A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, <u>who has been previously convicted on at least two separate occasions of two crimes</u>, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.

It cannot be disputed that defendant has the requisite number of prior convictions to qualify as a persistent offender and defendant admits as much. Defendant argues that the two convictions relied upon were an "invalid" basis for the imposition of an extended term because he was sentenced on two offenses at a single sentencing proceeding. He has not, however, identified any portion of the record in which the trial judge explicitly relied upon two convictions entered on the same date and excluded defendant's other convictions from his consideration as predicate offenses. Indeed, the sentencing transcript includes the judge's reference to seven prior indictable convictions. This argument therefore lacks merit.

Defendant also argues that the finding regarding the protection of the public had to be made by a jury. This precise

argument was raised and rejected in State v. Pierce, 188 N.J. 155 (2006). The Court observed that "protection of the public" is not a finding statutorily required for a defendant to be eligible for an extended term; it is an "additional requirement[] to serve as a guide for sentencing courts engaged in discretionary extended-term sentencing." Id. at 163. The added finding regarding protection of the public "promotes effective review of the discretionary judgment exercised as part of the sentencing decision" and "fosters consistency in extended-term sentencing." Id. at 166-67. It is, therefore, a finding that can be made by the court, consistent with legislative intent and without abridging a defendant's constitutional right:

> The court may consider the protection of the public when assessing the appropriate length of a defendant's base term as part of the court's finding and weighing of aggravating factors and mitigating factors. The finding is not a necessary condition, however, to the court's determination whether defendant is subject to a sentence up to the top of the extended-term range. Thus, we rid our sentencing practice of any ambiguity suggestive of a Sixth Amendment transgression by means of a remedy that preserves what, we believe, the Legislature would prefer-- keeping the exercise of sentencing discretion in the hands of courts, not juries.
>
> [Id. at 170 (emphasis added.]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2487-14T1